UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,

vs.

Miscellaneous Jewelry, seized from
7XX E. 11 Mile Road, Royal Oak, Michigan,

$71,129.00 U.S. Currency from the residence
at 7XX E. Eleven Mile, Royal Oak, Michigan,

Miscellaneous Firearms and Ammunition,
seized from 69XX Chimney Hill, Apt. 30XX,
West Bloomfield, Michigan,

$4,260.00 U.S. Currency from the person of
Pacino Horne at 69XX Chimney Hill, #30XX,
West Bloomfield, Michigan,

Miscellaneous Jewelry, seized from 69XX
Chimney Hill, Apt. 30XX, West Bloomfield,
Michigan,

Miscellaneous Firearms and Ammunition,
seized from 39XXX Springwater Drive,
Northville, Michigan,

          Defendants *in rem*.
_____/

Civil Case No. 23-cv-10623
Honorable

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Gjon Juncaj, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. §§ 881(a)(6), (a)(11) and 18 U.S.C. § 981(a)(1)(A).

2. The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b), as the Defendants *in rem* were found and seized in the Eastern District of Michigan.

## DEFENDANTS *IN REM*

6. The Defendants *in rem* in this action were seized by law enforcement officers at various locations in the Eastern District of Michigan on or about June 17, 2022.

7. The Defendants *in rem* include the following assets, and locations of seizure:

> A. Miscellaneous Jewelry, seized from 7XX E. 11 Mile Road, Royal Oak, Michigan (22-FBI-005144), including the following which in the aggregate is valued at approximately $107,325:
>
>   i. 10k white and yellow gold tested ring, size 10.75, approx. (815) round brilliant cut diamonds;
>   ii. 14k yellow gold tested necklace with medallion pendant, 22 inches long, 11.95mm wide;
>   iii. 14k yellow gold tested ring, size 8.75, (515) round brilliant cut diamonds;
>   iv. 18k white gold tested bracelet, 7.50 inches long, (335) round brilliant cut diamonds;
>   v. 10k white gold tested Jesus pendant, (1255) round brilliant cut diamonds;
>   vi. 10k yellow gold tested Jesus pendant, (1675) round brilliant cut diamonds;

    vii.    14k white gold tested "Rolls Royce" pendant, approx. (1225) round brilliant cut diamonds;

    viii.    10k white gold stamped "OT" necklace, 30 inches long, 16.1mm wide, (720) baguette cut diamonds;

    ix.    18k yellow gold Rolex Sky-Dweller watch with aftermarket diamonds, 40mm case, pave dial, Model: 326938, SN: G735460; and

    x.    10k yellow gold tested "Day 1" pendant, approx. (725) round brilliant cut diamonds;

B.    $71,129.00 U.S. Currency from the residence at 7XX E. Eleven Mile, Royal Oak, Michigan - $1,109.00 U.S. Currency located in a bottom cabinet, $70,020.00 U.S. Currency located in a bag (22-FBI-005145);

C.    Miscellaneous Firearms and Ammunition, seized from 69XX Chimney Hill, Apt. 30XX, West Bloomfield, Michigan (22-FBI-005153), including the following:

    i.    Magnum Research Desert Eagle, .50 caliber pistol, with magazine, SN: DK0055784 (original purchaser: Pacino Horne);

    ii.    Glock 23, .40 caliber pistol, with magazine, SN: LTR000 (original purchaser: Pacino Horne);

    iii.    Miscellaneous rounds of .40 caliber ammunition;

    iv.    Miscellaneous rounds of .50 caliber ammunition;

    v.    Rounds of .50 caliber ammunition removed from Magnum Research Desert Eagle; and

    vi.    Rounds of .40 caliber ammunition removed from Glock 23;

D.     $4,260.00 U.S. Currency from the person of Pacino Horne at 69XX Chimney Hill, #30XX, West Bloomfield, Michigan (22-FBI-005155);

E.     Miscellaneous Jewelry, seized from 69XX Chimney Hill, Apt. 30XX, West Bloomfield, Michigan (22-FBI-005156), including the following which in the aggregate is valued at approximately $183,446:

    i.     10k white gold stamped ring, size 9, approx. (985) round brilliant cut diamonds, 1.0mm-3.0mm;

    ii.     14k white gold tested "ATA" ring, size 11.5, approx. (795) round brilliant cut diamonds;

    iii.     10k white gold tested ring, size 11.25, (52) round brilliant cut diamonds, 3.0mm;

    iv.     10k yellow gold tested heart ring, size 10.5, approx. (2065) round brilliant cut diamonds;

    v.     10k white gold stamped necklace, 20 inches long 19mm wide;

    vi.     14k yellow gold tested necklace, 22 inches long (2150) round brilliant cut diamonds;

    vii.     10k white gold tested bracelet, 7.50 inches long, (530) round brilliant cut diamonds;

    viii.     10k white gold tested bracelet, 8 inches long, (530) round brilliant cut diamonds;

    ix.     14k white gold stamped earrings, (2) round brilliant cut diamonds, 9.77-9.62mm x ~5.5mm;

    x.     18k yellow gold stamped bracelet, 7.50 inches long, (44) round brilliant cut diamonds;

    xi.     10k white gold tested ring, size 12, approx. (545) round brilliant cut diamonds, 1.2mm-1.3mm;

    xii.     14k yellow gold stamped bracelet, 8 inches long, (540) round brilliant cut diamonds;

    xiii.     Two (2) 10k white gold stamped necklaces

|  |  |
|---|---|
|  | 20-21 inches long, (246) round brilliant cut diamonds, |
| xiv. | Stainless steel Patek Philippe Nautilus watch with aftermarket diamonds, 40mm case, SN: A384FBP; |
| xv. | 14k yellow gold stamped ankh pendant, (174) round brilliant cut diamonds, 1.4mm-2.5mm; |
| xvi. | 14k white gold tested inside out hoop earrings, (48) round brilliant cut diamonds; |
| xvii. | Sterling silver stamped earrings set with cubic zirconia, 1.7 grams; |
| xviii. | 14k yellow gold stamped necklace, 17 inches long, (136) round brilliant cut diamonds; |
| xix. | 14k yellow gold tested bracelet 6.5 inches long (36) round brilliant cut Clarity Enhanced diamonds; |
| xx. | 14k yellow gold stamped bracelet, 6.5 inches long, (53) round brilliant cut diamonds; |
| xxi. | 14k yellow gold stamped bracelet, 8 inches long; (180) princess cut diamonds; |
| xxii. | 18k yellow gold stamped Rolex Sky-Dweller watch dial with sub dial, 32mm diameter; |
| xxiii. | Seven (7) 10k white gold tested chain links, (224) round brilliant cut Lab Grown diamonds; 1.2mm; |
| xxiv. | Thirteen (13) SCRAP: 10k yellow gold tested chain length, (48) round brilliant cut diamonds, |
| xxv. | 14k white gold stamped earrings with 10k white gold stamped earrings backs; |
| xxvi. | 14k yellow gold stamped pendant on sterling silver stamped chain, (112) round brilliant cut diamonds; |
| xxvii. | 14k white gold tested necklace, 17 inches long, (96) baguette cut diamonds, 3.0mm x 1.25mm; |
| xxviii. | Stainless steel Cartier Santos with |

6

|  |  |
|---|---|
|  | aftermarket diamonds, 39.8mm case, pave dial, Model: 4072, SN: 352985BX; and |
| xxix. | 18k yellow gold Rolex DayDate 36 with aftermarket parts and diamonds, 36mm case, Model: 18038, SN: 11600762; |

F. Miscellaneous Firearms and Ammunition, seized from 39XXX Springwater Drive, Northville, Michigan (22-FBI-005159), including the following:

   i. Springfield Armory XD-40, .40 caliber pistol, with magazine, SN: MG299808 (original purchaser: Jesse Page);
   ii. Rounds of .40 caliber ammunition removed from Springfield Armory XD-40;
   iii. Box of ammunition;
   iv. Springfield Armory Saint, multi-caliber rifle, with magazine, SN: ST140355 (original purchaser: Pacino Horne); and
   v. Rounds of ammunition removed from Springfield Armory Saint.

## STATUTORY BASIS FOR CIVIL FORFEITURE

8. Title 21, United States Code, Section 881, governs the civil forfeiture of property which constitutes or is derived from the proceeds of narcotics crimes, or which was used to facilitate narcotics crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them. . . .[a]ll monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all monies, negotiable

> instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6)

> Any firearm (as defined in section 921 of Title 18) used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances] and any proceeds traceable to such property.

21 U.S.C. § 881(a)(11)

9. Title 18, United States Code, Section 981(a)(1)(A), provides for the civil forfeiture of:

> (A) any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of [Title 18], or any property traceable to such property.

**FACTUAL BASIS FOR CIVIL FORFEITURE**

10. The Defendants *in rem* are forfeitable to the United States of America as property which was furnished, or was intended to be furnished, in exchange for a controlled substance; as proceeds traceable to such an exchange; and/or as monies which were used or were intended to be used to facilitate a violation of Title 21 of the United States Code and are, therefore, subject to seizure and civil forfeiture pursuant to 21 U.S.C. § 881(a)(6).

8

11. The Defendants *in rem* miscellaneous jewelry are additional forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in Money Laundering in violation of 18 U.S.C. §§ 1956 and/or 1957. The Defendants *in rem* miscellaneous jewelry were derived from proceeds of "specified unlawful activity" as the term is defined by 18 U.S.C. § 1956(c)(7) and 18 U.S.C. § 1961(1). Specified unlawful activity from which the Defendants *in rem* were derived from include, but are not limited to, the proceeds of controlled substance violations.

12. The Defendant *in rem* firearms are additionally forfeitable as property used or intended to be used facilitate transportation, receipt, possession, or concealment of controlled substances and proceeds of controlled substance violations, including the Defendant *in rem* jewelry and U.S. currency.

13. The facts supporting the forfeiture of the Defendants *in rem* include, but are not limited to, the following.

14. Beginning in the fall of 2019, federal law enforcement agents initiated an investigation into a narcotics trafficking organization led by Pacino Horne.

15. During the investigation, on January 3, 2022, federal law

9

enforcement executed a federal search warrant at 22XXX Trillium Drive, Novi, Michigan, a location utilized by Pacino Horne to facilitate drug trafficking operations. During the execution of the search warrant, an AK-47 style pistol, registered to Pacino Horne, as well as approximately two pounds of suspected marijuana in heat sealed bags were seized. Law enforcement officers also seized a digital scale, a digital money counter and vacuum sealer, all of which are common tools utilized by drug traffickers. Also located in the home were several large boxes in the basement that contained coffee grounds and fabric softener dryer sheets. There were also heat-sealed bags in the basement that were ripped open and left empty. Through training and experience, it is known to law enforcement officers that drug traffickers often package marijuana in heat sealed bags for transport and will often use coffee grounds and dryer sheets to mask the scent of marijuana during transport. Drug traffickers also often carry or keep firearms near their drugs for the purpose of protecting their drugs and drug proceeds.

16. While law enforcement was executing the search warrant at 22XXX Trillium Drive, Pacino Horne's brother drove by the

residence and asked agents what was happening at the house, stating that a friend lived there. There were two motorcycles in the garage of the residence that were registered to Pacino Horne, subsequently determined to be purchased with cash. Within a day of the execution of the search warrant, and after agents had secured the garage, Pacino Horne returned and took the motorcycles from the garage.

17. On June 17, 2022, federal law enforcement conducted a federally authorized search warrant operation at several locations used by members of the Pacino Horne drug trafficking organization, including residences located at 69XX Chimney Hill #30XX, West Bloomfield, Michigan, 7XX E. 11 Mile, Royal Oak, Michigan, and 39XXX Springwater Drive in Northville, Michigan, the locations from which the Defendants *in rem* were seized.

18. A search of 69XX Chimney Hill #30XX, West Bloomfield, Michigan, led to the seizure of the Defendants *in rem* seized from this location, which include two pistols registered to Pacino Horne, U.S. Currency, distribution amounts of suspected marijuana, and several jewelry pieces to include rings, watches, necklaces, earrings, and bracelets.

19. A search of 7XX E. 11 Mile in Royal Oak, Michigan, led to the seizure of the Defendants *in rem* from this location, which include several items of jewelry and over $71,000 in U.S. Currency.

20. A search of 39XXX Springwater Drive in Northville, Michigan, led to the seizure the Defendant *in rem* firearms and ammunition seized from this location. This includes an AR style rifle registered to Pacino Horne, a .40 caliber pistol, two bags of pills consisting of oxycodone and methamphetamine, a money counter, and miscellaneous jewelry.

21. On or about September 19, 2022, Pacino Horne filed an administrative claim to the seized Defendants *in rem* with the Federal Bureau of Investigation. In the claim Pacino Horne states under penalty of perjury that the seized Defendants *in rem* belong to him.

22. The investigation has not revealed any legitimate source of income for Pacino Horne substantiating his assets and expenditures. Horne reported the following to taxing authorities as his adjusted gross income for the years 2017 through 2021 from purported legitimate businesses:

- 2017 – $78,210
- 2018 – $83,268

- 2019 – $92,999
- 2020 – $82,256
- 2021 – $188,875

23. During the investigation, three bank accounts associated with Pacino Horne revealed total deposits over $938,000.00 from December 2016 through April 2022. Most of the deposits were cash deposits.

24. MGM Casino (Detroit, Michigan) records from September 2020 to May 2022 show Pacino Horne had a net buy in of cash and casino chips in the amount of $2,773,855.00. In the same time frame, MGM records show that Pacino Horne only had winnings of $9,280 and losses of $320,020. Law enforcement officers know from training and experience that one of the methods drug traffickers use to launder drug proceeds is by utilizing casinos where the drug trafficker will purchase casino chips with cash and then trade them back in for cash. The buy in amount of $2,773,855.00 at MGM Casino contradicts Horne's listed income filed with his income taxes as well as the value of deposits into his accounts. It also contradicts with the significant value of Defendant *in rem* jewelry, assessed to be valued at over $290,000, and all of which is property involved in money laundering.

13

25. Several of Pacino Horne's social media posts from December 2019 to January 2022 depict Pacino Horne with firearms, large amounts of currency, jewelry, and distribution amounts of apparent marijuana, all of which supports the conclusion that the Defendants *in rem* were derived from controlled substance violations.

26. Based on the findings of the investigation, including but not limited to the search warrants seizures and facts noted here, the Defendants *in rem* constitute property derived from controlled substance violations and/or property involved in money laundering.

## CLAIM

27. The United States hereby incorporates by reference, repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 26 above, including their subparts.

28. The Defendants *in rem* are forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because it is property which was furnished or was intended to be furnished in exchange for a controlled substance, and/or because it constitutes proceeds traceable to such an exchange, and/or because it represents monies used or intended to be used to facilitate a violation of Title 21 of the United

14

States Code.

29. The Defendant *in rem* firearms are property used or intended to be used to facilitate the transportation, receipt, possession, or concealment of controlled substances and proceeds of controlled substance violations, including the Defendant *in rem* jewelry and U.S. currency, and are therefore additionally subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11).

30. The Defendants *in rem* miscellaneous jewelry are additional forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in Money Laundering in violation of 18 U.S.C. §§ 1956 and/or 1957.

## **RELIEF**

Plaintiff, the United States of America, respectfully requests that a Warrant of Arrest for the Defendants *in rem* be issued; that notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Defendants *in rem* be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other further relief as

this Court may deem just and proper, together with the costs and disbursements of this action.

                                          Respectfully submitted,

                                          DAWN N. ISON
                                          United States Attorney

                                          <u>s/Gjon Juncaj</u>
                                          GJON JUNCAJ (P63256)
                                          U.S. Attorney's Office
                                          211 W. Fort Street, Ste. 2001
                                          Detroit, MI 48226
                                          (313) 226-0209
Dated: March 16, 2023            gjon.juncaj@usdoj.gov

## VERIFICATION

I, Jeffrey Brown, state that I am a Task Force Officer with the Federal Bureau of Investigation. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement officers.

*[signature]*

Jeffrey Brown, Task Force Officer
Federal Bureau of Investigation

Dated: March 16, 2023